**Decided August 2, 1983**

THE DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

| | | |
|---|---|---|
| MARIA MAGOFNA, | ) | |
| | ) | DCA No. 82-9007 |
| Plaintiff-Appellee, | ) | CTC No. 16-79 |
| | ) | |
| v. | ) | |
| | ) | |
| ESTATE OF RUFINA CASTRO, | ) | O P I N I O N |
| | ) | |
| Defendant-Appellant. | ) | |

Before: LAURETA and GILLIAM, District Judges; and
        SOLL, Associate Judge*

GILLIAM, District Judge:

Defendant appeals the judgment of the trial court finding
Rufina Castro had defrauded plaintiff from part of her
inheritance. The reasoning and conclusions of the trial court
appear sound and we affirm.

_____

*Hon. Herbert D. Soll, Commonwealth Trial Court Associate
Judge, sitting by designation pursuant to 48 U.S.C. §1694(b).

# I

## FACTS

Juan De Castro died on December 24, 1962. He was survived by his second wife, Rufina Castro, and the daughter of his first marriage, Maria Magofna (plaintiff-appellee herein).

In March of 1966, Rufina Castro filed a petition with the High Court, Mariana Islands District, seeking probate of the estate of Juan De Castro and the transfer of two properties: Lot 599 to herself, and certain other land to Ramon Castro, Juan's nephew. At the time, Rufina Castro knew plaintiff was the daughter of Juan De Castro and had known so for forty years. Nevertheless, Rufina Castro stated in her petition that Juan De Castro died without issue and later filed an affidavit stating there were "no issue" from her marriage to Juan De Castro. Although the Notice of Hearing was sent to Mr. De Castro's brothers and sisters or their children, there is no indication plaintiff received notice or that constructive notice was made by publication.

The matter came on for hearing in April of 1966 and judgment was entered as prayed in the petition. There is no evidence that plaintiff was aware of this hearing nor did she appear. Plaintiff asserts she did not learn of the hearing until some ten years later.

Rufina Castro died in 1974.

In 1976 plaintiff first became aware that her father's land had been distributed to others; she filed a Motion for Relief in the High Court. No decision was ever issued on this

687

motion.

In 1978, plaintiff filed the present action charging Rufina Castro with fraud in depriving plaintiff of her interest in her father's land. The matter came on for trial in 1982 and in April of 1982 the trial court found plaintiff was entitled to Lot 599.

## II

### THE PRESENT ACTION IS NOT BARRED BY COLLATERAL ESTOPPEL

Appellant argues that plaintiff has engaged in "judge shopping" by filing the present action rather than appealing the decision of the High Court. However, no decision on plaintiff's motion for relief from judgment was ever rendered; there was thus no decision from which to appeal.

It appears appellant has misconstrued the nature of the present proceedings. By the present lawsuit, plaintiff sought, not to have the civil judgment overturned, rather, plaintiff contends she was damaged by the tortious conduct of Rufina Castro in obtaining that judgment.

The present suit is therefore not a collateral attack on the judgment but is dependent on the prior case for its existence. 1B Moore's Federal Practice ¶ 0.407 states:

> "It is elementary, of course, that res judicata does not preclude a litigant from making a direct attack upon the judgment before the court which renders it . . ."

> "In addition, a party, or one in privy, may institute an action to enjoin the enforcement of a judgment on equitable grounds, such as that the judgment was invalid because it was entered without notice and hence amounted to a denial of due process; . . . or because of fraud, at least if the fraud is extrinsic. While such a proceeding is often denominated a direct attack, it has been described as an indirect attack.

. . . It is important to note, however, that as a general proposition, the independent action does not seek to impeach what has been competently adjudicated, but offers matter, normally extrinsic, to show why it is inequitable to allow enforcement of the judgment."

Plaintiff's circumstance falls directly within the above distinction and the present suit was properly within the court's jurisdiction to hear.

### III

### SUFFICIENT EVIDENCE WAS PRESENTED TO ESTABLISH FRAUD

Appellant admits that plaintiff did not receive notice of the hearing in the civil action and further admits Rufina Castro knew plaintiff to be a child of Juan Castro. Appellant argues nothing was shown to prove the absence of plaintiff's name and whereabouts was intentional. Two cases are cited as factually similar to the present: Nicholson v. Leathan, 28 C.A. 597 (2d Dist. 1920) and Mulcahey, et al. v. Dow, et al., 131 Cal 73 (1900).

The rule set forth in Mulcahey was criticized in Hewitt v. Winstead, 49 C.A. 2d 607 (1st Dist 1942). Likewise, the rule set down in Nicholson has been criticized under the more recent opinions.

"The fraudulent failure to set forth the names and addresses of the heirs in a petition for letters of administration has been held to be extrinsic fraud, and appears to be the rule in California, notwithstanding some cases to the contrary." Latta, et al., v. Western Inv. Co., et al., 173 F2d 99, 107 (9th Cir. 1949). See also Purinton v. Dyson, 8 Cal 2d 322 (1937) and Caldwell v. Taylor, 218 Cal 471 (1933).

We find the evidence at present sufficient to infer the fraudulent intent of Mrs. Castro and agree that such has deprived plaintiff of her day in court.

689

## THE APPROPRIATE STATUTE OF LIMITATIONS IS SIX YEARS

■ Plaintiff became aware of the court's distribution of property on November 25, 1976. Suit was filed in this action on February 6, 1979. Appellant argues the action is thus barred by the applicable statute of limitations, either 6 T.T.C. §303(4) or 6 T.T.C. §304.

In Mariana Islands Airport Authority v. The Ralph M. Parsons Co., U.S.D.C. Civ. No. 80-44 (Northern Mariana Islands, August 1981) the court held that 6 T.T.C. §303(4) applies only to personal injury or wrongful death actions. The reasoning of that case is persuasive and well thought out.

6 T.T.C. §304 is likewise inapplicable. That code section states:

> "Any action by or against the execution, adminis-
> tration, or other representative of a deceased person
> for a cause of action in favor of, or against, the
> deceased shall be brought only within two years after
> the executor, administrator, or other representative
> is appointed or first takes possession of the assets
> of the deceased."

Appellant argues plaintiff should have filed within two years of the civil judgment distributing the property or, at the latest, within two years of discovering the judgment. Such an interpretation does not fall within the meaning of the statute.

■ We therefore hold the trial court correctly concluded the applicable statute of limitations is six years under 6 T.T.C. §305.

. . . . .

. . . . .

## CONCLUSION

We find no basis for reversing the judgment of the trial court for the reasons above stated. Appellant's additional argument that the trial court erred in refusing to hear certain evidence is without merit. Such evidence was controlled by the pretrial order.

The judgment of the trial court is affirmed.

Dated: 6/1/83

Alfred Laureta, Judge
United States District Court

Earl B. Gilliam, Judge
United States District Court

Herbert D. Soll
Designated Judge